MONTE GRIX (SBN 241050)
BENJAMIN J. TREGER (SBN 285283)
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, CA 94104
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

BENJAMIN J. TREGER (SBN 285283)
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
ONNI PROPERTIES LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARISSA PEDEN, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>ONNI PROPERTIES LLC, a corporation; and DOES 1 through 20 inclusive,<br><br>   Defendants. | Case No.<br><br>[Los Angeles Superior Court Case No. 21STCV39720]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (a)(b); 28 U.S.C. § 1332**<br><br>[Filed Concurrently herewith Declarations of Melissa Cupa and Benjamin J. Treger; and Notice of Interested Parties]<br><br>Complaint Filed: October 28, 2021 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. Sections 1441(a), (b) and 1446, Defendant ONNI PROPERTIES LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of California in and for the County of Los Angeles to the United States District Court for the Central District of California.

Case 2:21-cv-09414-MRW Document 1 Filed 12/03/21 Page 2 of 8 Page ID #:2

This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. TIMELINESS OF REMOVAL

On or about October 28, 2021, Plaintiff Karissa Peden ("Plaintiff"), an individual, commenced this action in state court by filing a complaint ("Complaint") entitled *Karissa Peden v. Onni Properties LLC, a corporation; and DOES 1 through 20, inclusive*, Los Angeles County Superior Court Case No. 21STCV39720. The Complaint alleges the following purported causes of action: (1) Wrongful Termination (Tort); (2) Discrimination (Gov't Code § 12940(a)); (3) Retaliation for Discrimination Complaints (Gov't Code § 12940(h)); (4) Failure to Prevent (Gov't Code § 12940(k)); (5) Failure to Provide CFRA Leave (Gov't Code § 12940(k)); (6) Retaliation for Seeking CFRA Leave (Gov't Code § 12940(q)); (7) Retaliation for Refusing and/or Complaining about Illegal conduct (Labor Coe § 1102.5); (8) Failure to Pay Overtime (Labor Code §§ 51-, 1194, 1198, 1199); (9) Failure to Pay Overtime (Labor Code §§ 226.7and 512); (10) Failure to Authorize and permit Rest Breaks (Labor Code § 226.7); (11) Failure to Provide Accurate Wage Statements (Labor Code § 226(a)); (12) Failure to Pay Wages Owed Timely (Labor Code §§ 201-203); and (13) Private Attorney General Act (Labor Code § 2698). [True and correct copies of the Summons and Complaint are collectively attached to the concurrently filed Declaration of Benjamin J. Treger ("Treger Decl.") as **Exhibit A**.]

Plaintiff personally served Onni Properties LLC ("Onni") with the Summons and Complaint on November 3, 2021. [See Treger Decl., ¶ 3, **Exhibit B**.] (Also, on December 12, 2021, Onni answered this Complaint in the Los Angeles County Superior Court. [See Treger Decl., ¶ 3, **Exhibit C**.] This Notice of Removal, filed on December 3, 2021, within thirty (30) days of Onni's receipt of Plaintiff's Complaint, is timely filed pursuant to 28 U.S.C. Section 1446(b).

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2
NOTICE OF REMOVAL TO FEDERAL COURT
CASE NO.

## II. VENUE

Venue lies in the Central District pursuant to 28 U.S.C. Sections 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of Los Angeles.

## III. GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

This is a civil action over which this Court has original jurisdiction, and one which Defendant may remove pursuant to the provisions of 28 U.S.C. Sections 1332(a) and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between a citizen of a foreign state and a citizen of a State within the United States, as described further below. Because the U.S. District Court for the Central District of California has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, this action may be removed in its entirety pursuant to 28 U.S.C. § 1441(a) and (b). In addition, this Court has supplemental jurisdiction over all state law claims that are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. § 1367(a).

### A. Plaintiff's Citizenship

As alleged in the Complaint, "Plaintiff is a resident of the State of California, County of Los Angeles." [Treger Decl., ¶ 2, **Exhibit A** (Complaint at ¶¶ 3).] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (l0th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

///
///
///

### B. Defendant's Citizenship

The citizenship of a limited liability corporation is the citizenship of the LLC's members. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

Under 28 U.S.C. Section 1332(c)(1), a corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Specifically as to a foreign corporation, such an entity is a citizen of the foreign state in which it is incorporated. *See JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.,* 536 U.S. 88, 91-92 (2002) (a "corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State"); *see also Steamship Co. v. Tugman*, 106 U.S. 118, 121, 27 L. Ed. 87, 1 S. Ct. 58 (1882).

Defendant is an Arizona limited liability company. (Declaration of Melissa Cupa, ¶ 3.) Defendant's only member, in turn, is a foreign (Canadian) corporation: Panni Canada (USA) Holdings Ltd., located at, and with its principal place of business at, 200-1010 Seymour Street, Vancouver, BC, V6B3M6, Canada. (Declaration of Melissa Cupa, ¶ 3.) Thus, for diversity purposes, Defendant is a citizen of Canada.

#### 1. Doe Defendants

Although Plaintiff has also named fictitious defendants "DOES 1-20," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

### C. The Amount In Controversy "More Likely Than Not" Exceeds $75,000

Under 28 U.S.C. Section 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). Here, the amount in controversy exceeds $75,000.

#### 1. Plaintiff's Alleged Damages Exceed $75,000

Under 28 U.S.C. §1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Here, the damages sought by Plaintiff clearly exceed $75,000.

Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). The Court must consider any "sums [that] would entail a payment" by the defendant, including damages for lost wages, compensatory damages, punitive damages, and attorneys' fees. *Id.* at 701.

Specifically, the Complaint alleges that Plaintiff has "suffered general damages," and seeks to recover economic damages, non-economic damages, special damages, punitive damages, attorneys' fees, and costs. (Complaint, Prayer for Relief.)

Plaintiff's allegations are sufficient to meet the minimum amount in controversy threshold. Plaintiff's Complaint alleges that her employment was constructively terminated on or about June 9, 2021. (Complaint ¶ 11.) Thus, Plaintiff seeks lost wages for nearly half a year since her termination.

Furthermore, her lost wages will increase daily until trial and she will likely be seeking lost front wages at trial. Plaintiff's Complaint further alleges that she earned $95,000 per year plus the opportunity of merit bonuses. Accordingly, she is already claiming approximately $45,000 in merely lost wages to date. This amount will continue to accumulate, and assuming she seeks as little as one year of lost wages, the amount in controversy is at least $95,000. (Complaint ¶ 15.)

Plaintiff also seeks emotional distress damages, for which a jury could award at least $75,000. *See, e.g., Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000 for emotional distress damages in a wrongful termination case).

Additionally, Plaintiff seeks attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino, supra*, 506 F.3d at 700. Labor Code Section 226, the basis for Plaintiff's fourth cause of action, authorizes attorneys' fees. The Ninth Circuit has affirmed removal where the District Court "conservative[ly]" estimated attorneys' fees to be 12.5% of the actual damages sought. *Id.* at 698. This does not even account for recovery of attorneys' fees based on a percentage of emotional distress damages, which are often in the six-figure range.

Finally, Plaintiff seeks punitive damages. (Complaint ¶ Prayer for Relief.) In *Guglielmino*, the court "conservative[ly]" estimated punitive damages at a ratio of 1:1 with the actual damages sought. *Id.*

Accordingly, the damages Plaintiff seeks far exceed the jurisdictional minimum to satisfy diversity jurisdiction, and the jurisdictional amount in controversy requirement has been met for purposes of the diversity statute.

## IV. <u>CONCLUSION</u>

Based on the foregoing, this Court has jurisdiction over this action under the provisions of 28 U.S.C. Section 1332, in that this action involves a controversy

which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446.

## V. NOTICE TO PLAINTIFF AND TO STATE COURT

A true and correct copy of this Notice of Removal will be served on the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

Dated:  December 3, 2021                                   HIRSCHFELD KRAEMER LLP

By: _____
Monte Grix
Benjamin J. Treger
Attorneys for Defendant
ONNI PROPERTIES LLC

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On **December 3, 2021**, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (a)(b); 28 U.S.C. § 1332

[X] Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On December 3, 2021, I caused to be served via messenger the above-listed documents.

[ ] by **electronic Filing:** I hereby certify that on December 3, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

| | |
|---|---|
| Aaron N. Colby, Esq. | Telephone: (818) 253-1599 |
| Colby Law Firm, PC | Facsimile: (818) 475-1981 |
| 13263 Ventura Blvd., Suite 203 | Email: aaron@colbylegal.com |
| Studio City, CA 91604 | |

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on **December 3, 2021** at Santa Monica, California.

_/s/ Mayra L. Vera_
Mayra L. Vera