# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2021 12:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:21-cv-09414-MRW   Document 1-3   Filed 12/03/21   Page 2 of 29   Page ID #:16

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: William Fahey

AARON N. COLBY (State Bar No. 247339)
   aaron@colbylegal.com
COLBY LAW FIRM, PC
13263 Ventura Boulevard, Suite 203
Studio City, California  91604
Telephone:  (818) 253-1599
Fax:  (818) 475-1981

Attorneys for Plaintiff
KARISSA PEDEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KARISSA PEDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ONNI PROPERTIES LLC, a corporation; and DOES 1 through 20 inclusive,<br><br>Defendant. | Case No.  21STCV39720<br><br>PLAINTIFF'S COMPLAINT FOR:<br>1. WRONGFUL TERMINATION (TORT)<br>2. DISCRIMINATION (GOV'T CODE § 12940(A))<br>3. RETALIATION FOR DISCRIMINATION COMPLAINTS (GOV'T CODE § 12940(H))<br>4. FAILURE TO PREVENT (GOV'T CODE § 12940(K))<br>5. FAILURE TO PROVIDE CFRA LEAVE (GOV'T CODE § 12945.2(K))<br>6. RETALIATION FOR SEEKING CFRA LEAVE (GOV'T CODE § 12945.2(Q))<br>7. RETALIATION FOR REFUSING AND/OR COMPLAINING ABOUT ILLEGAL CONDUCT (LABOR CODE § 1102.5)<br>8. FAILURE TO PAY OVERTIME (LABOR CODE §§ 510, 1194, 1198, 1199)<br>9. FAILURE TO PROVIDE MEAL BREAKS (LABOR CODE §§ 226.7 AND 512)<br>10. FAILURE TO AUTHORIZE AND PERMIT REST BREAKS (LABOR CODE § 226.7)<br>11. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (LABOR CODE § 226(A))<br>12. FAILURE TO PAY WAGES OWED TIMELY (LABOR CODE §§ 201-203)<br>13. PRIVATE ATTORNEY GENERAL ACT (LABOR CODE § 2698)<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Karissa Peden ("Plaintiff") alleges as follows, based on knowledge as to Plaintiff's own acts/interactions, and based on information and belief as to all other matters:

**JURISDICTION | VENUE**

1.      This Court has personal jurisdiction over Defendant Onni Properties LLC ("Defendant") because they conduct business in the State of California.

2.      Under California Code of Civil Procedure section 395(a), venue is proper in this county because Plaintiff's alleged injuries herein occurred in this county.

**PARTIES**

3.      Plaintiff, at all times relevant hereto, is and has been a resident of the State of California, County of Los Angeles.

4.      Defendant builds and manages residential and commercial communities across North America, and is headquartered at 1010 Seymour Street, Suite 200, Vancouver, British Columbia V6B 3M6, Canada.

5.      The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure § 474.  Plaintiff believes that all of the Doe defendants are California residents.  Plaintiff will amend this Complaint to show such true names and capacities when they have been determined.

6.      Plaintiff believes that at all times relevant herein, each defendant designated, including Does 1 through 10, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

7.      Defendant, and each of them, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Government Code §12940(i). Defendant, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

8.    Plaintiff exhausted Plaintiff's administrative remedies by timely filing a complaint for the issues required to be raised herein against Defendant with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH, which allowed Plaintiff one year from July 27, 2021 to file this action.

9.    On July 27, 2021, counsel for Plaintiff prepared and electronically submitted a letter to the California Labor & Workforce Development Agency ("LWDA") via the California Department of Industrial Relations' "PAGA Filing" website. A copy of the letter was mailed to Defendant, also via USPS Certified Mail. The letter contained the specific provisions of the California Labor Code violated by Defendant, as well as the facts and theories in support of Plaintiff's claims. Now that sixty-five (65) days have passed since Plaintiff notified Defendant Employers of these violations, the statutory time period for the LWDA to investigate and/or respond, and for the employer to respond, has concluded. Plaintiff has exhausted the administrative requirements for bringing a claim under the PAGA for these violations.

## FACTUAL ALLEGATIONS

10.    **Plaintiff's Hire.** On or about August 6, 2018, Defendant hired Plaintiff Karissa Peden, a 52-year-old woman, as an employee in the job position of Commercial Property Manager to work at 1230 and 1240 Rosecrans Avenue, Manhattan Beach, California 90266 ("the worksite").

11.    Throughout Plaintiff's employment, Plaintiff was an exemplary employee, until her wrongful termination on June 9, 2021.

12.    **Plaintiff's Supervisors.** Throughout Plaintiff's employee, Plaintiff reported to Harry Keskerian (Director of Property Manager), Sander de Wildt (Vice President, former), Kyle

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

Van Leeuwen (Director of Commercial Leasing and Property Management), Jenny Lopez (Vice President, Property Manager), and Sheri Freed (Senior Manager).

13. **Plaintiff's Job Duties.**  Throughout Plaintiff's employment, Plaintiff's job duties included property management functions of two class A high-rise office buildings.  However, Defendant did not allow Plaintiff to customarily and regularly exercise discretion and independent judgment in performing her job duties.

14. **Plaintiff's Schedule.**  Throughout Plaintiff's employment, Plaintiff's work schedule was typically Monday through Friday, 8am to 5pm, and responding to inquiries outside of these hours.

15. **Plaintiff's Pay.**  Throughout Plaintiff's employment, Defendant classified Plaintiff as an "exempt" employee.  On hire, Defendant paid Plaintiff an annual salary of $95,000 plus the opportunity of merit bonuses.  Throughout Plaintiff's employment, Defendant awarded other employees raises and bonuses, while Defendant denied Plaintiff the same raises and bonuses with no explanation.

16. **Misclassified As Exempt.**  Throughout Plaintiff's employment, even though she was paid the requisite minimum salary threshold, Defendant misclassified Plaintiff as an "exempt" employee, presumably under the Executive Exemption, insofar as Defendant did not allow Plaintiff to customarily and regularly exercise discretion and independent judgment in performing her job duties as required by the applicable California Wage Order.

17. **Unequal Treatment & Complaints.**  Throughout Plaintiff's employment, Plaintiff experienced, witnessed, and complained to Defendant about unequal treatment in the workplace.

18. On or about February 2019, Defendant awarded other employees an annual raise and bonus.  Defendant did not award Plaintiff a raise or bonus.  Plaintiff complained to Sander de Wildt about this unequal treatment.  Plaintiff was told that "we will take care of you [Plaintiff] next year."

19. Throughout Plaintiff's employment, Defendant had its employees self-review their performance and subsequently meet with their supervisor to go over the review.  Defendant never

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

set up a meeting with Plaintiff's supervisors to go over her self-review.  Plaintiff complained about not being given a performance review.

20.    **Plaintiff's Performance.**  On or about 2019, Defendant chose the building the Plaintiff managed as a representative in "The Building Of The Year," a prestigious award competition that recognizes excellence in building management and maintenance.  The building could not have been chosen for the competition but for Plaintiff's excellent performance.

21.    **Unequal Treatment & Complaints Continue.**  On or about February 2019, Plaintiff asked Defendant for a raise and/or bonus.  Plaintiff's supervisor, who was most familiar with Plaintiff's performance, supported Plaintiff receiving a raise and/or bonus and asked Greg Wilks (Senior Vice President, Commercial Leasing and Property Management) for approval. Greg Wilks denied the raise and bonus without ever meeting Plaintiff.

22.    On or about May 2019, Plaintiff's supervisor asked Greg Wilks again for a raise and/or bonus for Plaintiff.  Greg Wilks denied the request.  Plaintiff's supervisor explained to Plaintiff that Greg Wilks is very close with Steve Berniet (Head of Leasing) who did not like Plaintiff.  Defendant is known to be a "boys club," which Plaintiff was clearly not a part of.

23.    On or about April 2020, Defendant awarded bonuses to its employees in comparable job positions as Plaintiff.  Defendant did not award a bonus to Plaintiff.  Plaintiff complained about this unequal treatment to Kyle Van Leeuwen.  Kyle Van Leeuwen told Plaintiff that he talked to Greg Wilks about the bonus and Greg Wilks said "we will take care of you [Plaintiff] next year."  Defendant again did not give Plaintiff an explanation as to why she was being treated differently.

24.    Plaintiff was dissuaded from bringing the complaint to Human Resources as it was known that complaining to Human Resources would result in backlash.

25.    **Staffing Shortage.**  On or about April 2020, Defendant cut the staff by 75% percent at the building Plaintiff managed.  In the midst of a pandemic, Defendant entirely cut the daytime cleaning staff for the buildings that Plaintiff managed.

26.    Throughout Plaintiff's employment, Kyle Van Leeuwen blamed Plaintiff for maintenance and cleaning issues.  Plaintiff complained to Kyle Van Leeuwen that the

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

maintenance and cleaning issues were due to Defendant's decision to cut staff.  Plaintiff complained to Kyle Van Leeuwen that he constantly picked on her more than other male employees and never gave her feedback.  Defendant held Plaintiff to a different standard than other employees.  Because of this, and in order to not lose her job, Plaintiff remained at work past her normal job hours to finish work.

27.     **Plaintiff Complains About Unequal Treatment.**  In or about February 2021, Plaintiff asked Human Resources why she had not received any performance feedback, a review, pay increase, or bonus since she was hired.

28.     Throughout Plaintiff's employment, Defendant never gave Plaintiff a performance review even though Plaintiff had complained about this multiple times and requested a review.  Defendant's custom and practice is for employees to self-review themselves and then have a meeting with their managers to go over the review.  While Plaintiff completed a self-review, Defendant refused to give Plaintiff the same opportunity to sit down with her manager to review it.

29.     **Notice of Medical Leave.**  On or about April 6, 2021, Plaintiff notified Sheri Freed that Plaintiff's mother was dying of health issues and Plaintiff would require family-medical leave.   Sheri Freed asked Plaintiff to log her time away.

30.     **Wrongful Termination (Discrimination & Retaliation).**  On or about June 9, 2021, Defendant fired Plaintiff.  Jenny Lopez and Julie Takashima (Human Resources Business Partner) told Plaintiff that she was being terminated for performance issues.  Defendant cited to "tenant interviews" as a basis for termination.

31.     Defendant offered Plaintiff a severance package of 3 weeks' pay in exchange for a promise not to sue and waiver of all legal claims, even though Defendant's purported termination reason was for performance and not a position elimination or reorganization.  Plaintiff did not sign the agreement.

32.     In truth, a substantial motivating reason for Defendant's decision to terminate Plaintiff's employment is Plaintiff's **gender, age, need for family-medical leave, and/or protected complaints**, as alleged herein.  Other similarly situated employees who are not in the

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

same protected classes as Plaintiff and/or who did not engage in the same or similar protected conduct as Plaintiff did, in fact, engage in actions similar to Plaintiff and were not terminated for such actions.

33.   **Overtime Work.**  Throughout Plaintiff's employment, Defendant failed to pay Plaintiff for all time worked at the overtime rate of pay.  Throughout Plaintiff's employment, Plaintiff worked no less than approximately 5 hours per week of overtime, without overtime pay.

34.   **Meal Break Violations.**  Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with first or second timely, uninterrupted 30-minute meal break as required by law, according to proof.  Throughout Plaintiff's employment, no less than approximately 30% of Plaintiff's eligible meal breaks violated the law.

35.   **Rest Break Violations.**  Throughout Plaintiff's employment, Defendant failed to authorize and permit Plaintiff to take a 10-minute rest break per each four (4) hour period worked or a major fraction thereof, according to proof.  Throughout Plaintiff's employment, no less than approximately 30% of Plaintiff's eligible rest breaks violated the law.

36.   **Wage Statements.**  Throughout Plaintiff's employment, Defendant knowingly and intentionally failed to provide Plaintiff with uniform, complete, and accurate wage statements because the wage statements provided to Plaintiff failed to list the:  (a) accurate totals of the hours worked; (b) number of hours worked at each hourly rate; (c) net wages earned; and (d) gross wages earned.

37.   **Final Pay.**  Defendant failed to pay Plaintiff all wages owed to Plaintiff immediately upon Plaintiff's termination of employment, including earned and unpaid wages, such as:  (a) minimum wages; (b) overtime wages; (c) meal and rest period premium wages; and (d) all wages owed for the final day of work, as alleged herein.

## FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

38.   Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

39.   The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3)

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm.  *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980); *see Yau v. Allen*, 229 Cal.App.4th 144, 154 (2014).

40.     Plaintiff is informed and believes that any one of the alleged violations of California statutes and public policy listed herein was a substantial motivating reason for Plaintiff's termination of employment.

41.     The actions of Defendant as alleged herein constitute multiple and independent violations (or were reasonably believed by Plaintiff in good faith to constitute multiple and independent violations) of California statutes and public policy, including:

42.     **California Government Code § 12940(a) (discrimination)** (it is unlawful for "an employer, because of the … sex, gender … age … to discharge the person from employment … or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.");

43.     **California Government Code § 12940(h) (FEHA retaliation)** (it is unlawful employment practice "for an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part");

44.     **California Government Code § 12940(k) (failure to prevent)** (making it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.");

45.     **California Government Code § 12945.2(q) (CFRA interference)** (making it unlawful "for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section.");

46.     **California Government Code § 12945.2(k) (CFRA retaliation)** (making it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)…."); and/or

Plaintiff's Complaint For Damages

**COLBY LAW FIRM, PC**
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

47.    **California Labor Code § 1102.5(b) (illegal conduct retaliation)** ("An employer … shall not retaliate against an employee … because the employer believes that the employee disclosed or may disclose information … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance … if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.").

48.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was harmed, and the termination of employment was a substantial factor in causing Plaintiff's harm.

49.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

50.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

51.    The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)

52.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

Plaintiff's Complaint For Damages

53.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

54.     California Government Code § 12940(a) makes it unlawful for "an employer, because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or veteran or military status of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

55.     Plaintiff's sex, gender and/or age was a substantial motivating factor for Defendant's decision to terminate Plaintiff's employment as alleged herein.

56.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

57.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

58.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

10

Plaintiff's Complaint For Damages

59.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

### THIRD CAUSE OF ACTION

### RETALIATION FOR DISCRIMINATION COMPLAINTS IN VIOLATION OF GOV'T CODE § 12940(h)

60.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

61.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

62.     California Government Code § 12940(h) makes it unlawful for an "employer … to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

63.     During Plaintiff's employment with Defendant, Plaintiff engaged in protected activities and conduct as alleged herein.

64.     Defendant took adverse actions against Plaintiff alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

65.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

66.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

67.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

68.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(k)

69.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

70.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

71.     California Government Code § 12940(k) makes it illegal "For an employer...to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

72.     Defendant failed to take all reasonable steps necessary to prevent the discrimination that Plaintiff suffered, as alleged herein, and other conduct according to proof.

73.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

74.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the aforesaid acts of Defendant, Plaintiff suffered harm to their

reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

75.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

76.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE CFRA LEAVE (GOV'T CODE § 12945.2(Q)**

77.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

78.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

79.     California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary." California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee,

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave….”

80.    California Government Code § 12945.2(q) makes it unlawful “for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section.”

81.    During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

82.    Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

83.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

84.    As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

85.    The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

86.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

## SIXTH CAUSE OF ACTION

### RETALIATION FOR SEEKING CFRA LEAVE (GOV'T CODE § 12945.2(K)

87.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

88.     At all times mentioned herein, California Government Code § 12940 *et seq.,* was in full force and effect and was binding on Defendant, as it regularly employs five (5) or more persons.

89.     California Government Code § 12945.2(b)(3) defines "Employer" to mean any "person who directly employers five or more persons to perform services for a wage or salary."

90.     California Government Code § 12945.2(a) states that it "shall be an unlawful employment practice for any employer, as defined in paragraph (3) of subdivision (b), to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period or who meets the requirements of subdivision (r), to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave…."

91.     California Government Code § 12945.2(k) makes it unlawful for an "employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of any of the following:  (1) An individual's exercise of the right to family care and medical leave provided by subdivision (a)…."

92.     During Plaintiff's employment with Defendant, Plaintiff sought and/or took protected leave per California Government Code § 12945.2(a) as alleged herein.

93.     Defendant took adverse actions against Plaintiff as alleged herein, at least in substantial part, in retaliation for Plaintiff's protected activities set forth herein.

94.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and has suffered and/or will

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this Court.

95.     As a direct and proximate result of the aforesaid acts of Defendant, Plaintiff was and is mentally upset, severely distressed (physically and mentally), embarrassed, humiliated and aggravated.  As a result of the acts of Defendant, Plaintiff suffered harm to their reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

96.     The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez.  In so doing, said managing agents and/or officers of Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294.  As such, Plaintiff is entitled to an award of punitive damages.

97.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute their claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## SEVENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

98.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

99.     California Labor Code § 1102.5(a) states that an "employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

100.    California Labor Code § 1102.5(b) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, to a government or law enforcement agency, or because the employer believes that the employee disclosed or may disclose information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

101.    California Labor Code § 1102.5(c) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

102.    California Labor Code § 1102.5(d) states that an "employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

103.    Plaintiff is informed and believes that Plaintiff's protected conduct as alleged herein was a contributing factor in Defendant's decision to terminate Plaintiff's employment, and Plaintiff alleges that Defendant's conduct was a substantial factor in causing Plaintiff's harm as alleged herein.

104.    Plaintiff reasonably believed and continues to believe that each of Plaintiff's complaints related to illegal actions taken by Defendant.

105.    As a proximate result of the aforesaid acts, Plaintiff has lost, and will continue to lose, substantial earnings, promotional opportunities, fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial.

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

106.     As a proximate result of the aforesaid acts, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated in a sum to be proven at the time of trial.

107.     California Labor Code § 1102.5(f) states that in "addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

108.     California Labor Code § 1102.5(j) states that the "court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." Plaintiff will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

109.     The actions alleged herein were taken by managing agents and/or officers of Defendant, including but not limited to Harry Keskerian, Kyle Van Leeuwen, and/or Jenny Lopez and/or ratified by managing agents and/or officers of Defendant. In so doing, Defendant acted with oppression, fraud and malice, as those terms are used in California Civil Code § 3294. As such, Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510, 1194, 1198, 1199 AND WAGE ORDER

110.     Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

111.     At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

112.     The applicable Industrial Welfare Commission Wage Order provides that: "(A) Daily Overtime – General Provisions. (1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked In excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek. (c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

113.    California Labor Code § 510 provides that: (a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

114.    California Labor Code § 1194 provides in relevant part: (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's, and costs of suit.

115.    California Labor Code § 218.5 provides in relevant part:  In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

116.    At all relevant times, throughout Plaintiff's employment, Plaintiff regularly and with Defendant's knowledge worked more than eight (8) hours in working day.

19

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

117.    Defendant did not pay 1 ½ times the legal minimum hourly wage rate for all the hours worked over eight (8) hours in a work day and/or 40 hours in a work week, and Defendant did not pay two times the legal minimum hourly rate for all the hours worked over twelve (12) hours in a work day as alleged herein.

118.     During the relevant time period, Defendant intentionally and willfully failed to pay for all hours Defendant suffered and/or permitted Plaintiff to work, including for overtime hours.

119.    Plaintiff alleges that wages are due to Plaintiff for all hours worked during which Plaintiff was not paid proper overtime wages pursuant California Labor Code §§ 510 and 1194 and all applicable laws, rules, orders, requirements and regulations.

120.    Plaintiff demands all applicable reimbursements, interest and penalties for lost overtime wages.

121.    Plaintiff further demands reasonable attorneys' fees and costs of suit pursuant to California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE §§ 226.7, 512 AND WAGE ORDER

122.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

123.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

124.    California Labor Code § 512(a) states (in relevant part): "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

125.    The applicable Industrial Welfare Commission Wage Order provides that:  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1  will complete the day's work the meal period may be waived by mutual consent of the employer

2  and the employee.

3       126.    California Labor Code § 226.7(b) provides:  If an employer fails to provide an

4  employee a meal period or rest period in accordance with an applicable order of the Industrial

5  Welfare Commission, the employer shall pay the employee one additional hour of pay at the

6  employee's regular rate of compensation for each work day that the meal or rest period is not

7  provided.

8       127.    During the relevant time period, Defendant worked Plaintiff more than five hours

9  per day without an off-duty, timely, and/or uninterrupted 30-minute meal period as required by

10 California Labor Code § 512 and the applicable Industrial Welfare Commission Wage Order.

11 During the relevant time period, Plaintiff worked more than six (6) hours in a workday and did

12 not waive their right to their meal period by mutual consent.  Defendant's policy and practice was

13 not to compensate Plaintiff with the full amount of pay due and owing as required by California

14 Labor Code § 226.7, and the applicable Industrial Welfare Commission order (i.e., one hour of

15 pay per day per lunch period at the employee's regular rate of compensation).

16      128.    Plaintiff demands all applicable reimbursements, interest and penalties for their

17 lost wages.

18      129.    Plaintiff demands reasonable attorneys' fees and costs of suit pursuant to

19 California Labor Code §§ 218.5, 1194, and any other applicable statute or regulation.

20                        **TENTH CAUSE OF ACTION**

21    **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS IN VIOLATION OF**

22         **LABOR CODE § 226.7 AND WAGE ORDER 4-2001**

23      130.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

24      131.    At all relevant times, Plaintiff was subject to the provisions of the California

25 Industrial Welfare Commission's Wage Orders and California Labor Code.

26      132.    California Labor Code § 226.7 provides that no employer shall require an

27 employee to work during any rest period mandated by an applicable order of the California

28 Industrial Welfare Commission.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

133.    The applicable Industrial Welfare Commission Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3 ½) hours."

134.    Defendant's conduct violates applicable Wage Orders and California Labor Code § 226.7.  During the relevant time period, Defendant required Plaintiff to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  During the relevant time period, Defendant willfully required Plaintiff to work during rest periods and failed to pay Plaintiff the full rest period premium for work performed during rest periods.  During the relevant time period, Defendant failed to pay Plaintiff the full rest period premium due pursuant to California Labor Code § 226.7.

135.    Pursuant to the applicable Industrial Welfare Commission Wage Order and California Labor Code § 226.7(b), Plaintiff is entitled to recover from Defendant one additional hour of pay at the employee's regularly hourly rate of compensation for each work day that the rest period was not provided.

### ELEVENTH CAUSE OF ACTION

### FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226(a)

136.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

137.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

138.    California Labor Code § 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5)

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and their or their social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

139.    California Labor Code § 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

140.    California Labor Code § 226.3 provides that "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

141.    Plaintiff has suffered injury and damage to their statutory-protected rights as Defendant intentionally and willfully failed to provide Plaintiff with complete and accurate wage statements as alleged herein.  The deficiencies include, but are not limited to the failure to include: total hours worked by the employee; the inclusive dates of the period for which the employee is paid; the name of the employee and their social security number; the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

142.    Plaintiff is entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or pursuant to California Labor Code § 226(e), an aggregate penalty not exceeding four thousand dollars per employee, and an award of costs and reasonable attorney's fees.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

**TWELFTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES OWED UPON TERMINATION IN VIOLATION**

**OF LABOR CODE §§ 201-203**

143.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

144.    At all relevant times, Plaintiff was subject to the provisions of the California Industrial Welfare Commission's Wage Orders and California Labor Code.

145.    California Labor Code §§ 201 and 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

146.     California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

147.    As alleged herein, Defendant intentionally and willfully failed to pay Plaintiff all wages, earned and unpaid, immediately upon discharge.  Defendant's failure in this regard violates California Labor Code §§ 201 and 203.

148.    On information and belief, Plaintiff alleges that Defendant's failure to pay Plaintiff all wages earned upon their discharge in accordance with Labor Code § 201 was willful.  At all times relevant, Defendant had the ability to pay all earned and unpaid wages in accordance with Labor Code § 201 but intentionally chose not to comply.

149.    Pursuant to Labor Code §§ 203 and 218.5, Plaintiff is entitled to recover the full amount of their unpaid wages, waiting time penalties, reasonable attorneys' fees, and costs of suit. Plaintiff is entitled to recover interest on all due and unpaid wages and waiting time penalties under Labor Code § 218.6 and/or Civil Code § 3287(a).

**THIRTEENTH CAUSE OF ACTION**

**PAGA REPRESENTATIVE ACTION FOR PENALTIES PER LABOR CODE §**

**2698**

150.    Plaintiff incorporates by this reference all preceding and subsequent paragraphs.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

151.     Under the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, private parties may recover civil penalties for violations of the Labor Code. These penalties are in addition to any other relief available under the Labor Code. As set forth above, Defendant has committed numerous violations of the Labor Code against Plaintiff, including but not limited to:

152.     Labor Code §§ 201, 201.5, 202, 203.  Failure to pay all wages immediately upon termination or within 72 hours after notice of separation.

153.     Labor Code § 204.  Failure to pay all earned wages within the time prescribed in Labor Code §§ 204(a) and 204(b).

154.     Labor Code § 206.  Failure to pay all undisputedly owed wages.

155.     Labor Code § 210.  Failure to pay wages as required by Labor Code §§ 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and/or 1197.5.

156.     Labor Code § 226.  Failure to provide timely and accurate wage statements.

157.     Labor Code § 226.3.  Failure to comply with Labor Code § 226(a).

158.     Labor Code § 226.7.  Failure to provide proper rest periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

159.     Labor Code §§ 226.7 and 512.  Failure to provide proper meal periods and failure to provide an additional hour of pay at the regular rate of compensation in lieu of the mandated meal periods.

160.     Labor Code §§ 510 and 1194.  Failure to pay overtime and double time compensation.

161.     Labor Code §§ 510, 1194, 1194.2, and 1197.  Failure to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

162.     Labor Code § 558.  Violation of a section of the chapter of the Labor Code starting with Labor Code § 500, *et seq*., or any provision regulating hours and days of work in any order of the Industrial Welfare Commission.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

163.    Labor Code § 558.1.  Violation any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, and violating Labor Code §§ 203, 226, 226.7, 1193.1, and/or 1194.

164.    Labor Code § 1174.  Failure to maintain compliant employee and payroll records.

165.    Labor Code § 1199.  Violation of the provisions of an order of the Industrial Welfare Commission.

166.    Labor Code § 1198.  Violation of the following sections of orders of the Industrial Welfare Commission for conditions of labor prohibited by such:

- Wage Order 1-2001 (or other applicable Wage Order), Section 3, requiring an employer to pay overtime and double time compensation.

- Wage Order 1-2001 (or other applicable Wage Order), Section 4, requiring an employer to pay minimum wages, including overtime and double time compensation at the minimum wage rate.

- Wage Order 1-2001 (or other applicable Wage Order), Section 7, requiring an employer to maintain accurate information with respect to each employee; provide employees with thorough and accurate itemized wage statements; and, provide clocks within a reasonable distance from employees' work areas.

- Wage Order 1-2001 (or other applicable Wage Order), Section 11, requiring an employer to provide its employees with adequate meal periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

- Wage Order 1-2001 (or other applicable Wage Order), Section 12, requiring an employer to provide its employees with adequate rest periods and an additional hour of pay at the regular rate of compensation in lieu of the mandated rest periods.

167.    Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of him/herself and other current and former employees of Defendant pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff is employed by Defendant and the alleged violations of the California Labor Code were committed against Plaintiff.

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

168.     Pursuant to California Labor Code § 2699.3, Plaintiff gave written notice on July 27, 2021, by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendant of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than 65 days have passed since Plaintiff provided written notice to the LWDA.  The LWDA has not provided notice that it intends to investigate PLAINTIFF'S claims.

169.     Pursuant to California Labor Code § 2699.3, Plaintiff served Defendant with the aforementioned LWDA notice via certified mail on or about July 27, 2021.  More than 33 days have passed since that date.  Defendant has not provided Plaintiff with notice that it cured any of the violations alleged therein.

170.     Per the tolling provision in Labor Code § 2699.3(g), the period of liability under Plaintiff's PAGA claim extends one year and sixty-five days before the filing of this complaint (the "PAGA Liability Period").

171.     Accordingly, Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

172.     Pursuant to PAGA, Plaintiff seeks civil penalties due to Plaintiff, other aggrieved employees, and the State of California according to proof, pursuant to the California Labor Code, including California Labor Code §§ 2699(a) and 2699(f), which provides for $100 for each initial violation and $200 for each subsequent violation per employee pay period.  In addition, pursuant to PAGA, Plaintiff seeks to recover civil penalties, including but not limited to penalties under Labor Code §§ 210, 225.5, 226.3, 558, 1174.5, 1197.1, and 1199 from Defendant in a representative action for the violations set forth above.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

## JURY TRIAL DEMANDED

173.  Plaintiff demands a jury as to all causes of action.

## PRAYER FOR RELIEF

174.  WHEREFORE, Plaintiff prays judgment against Defendant as follows:

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981

1          a.   For general economic damages according to proof;

2          b.   For general non-economic damages according to proof

3          c.   For special damages according to proof;

4          d.   For punitive damages where allowed by law;

5          e.   For prejudgment interest pursuant to California Labor Code § 218.6, California

6               Civil Code § 3287 and/or California Civil Code § 3288 and/or any other

7               provision of law providing for prejudgment interest;

8          f.   For attorneys' fees where allowed by law;

9          g.   For costs of suit incurred herein; and

10        h.   For such other and further relief as this Court deems just and proper.

11

12   DATED: October 28, 2021           COLBY LAW FIRM, PC
                                        AARON N. COLBY

13

14

15

16                           By:_____
                                 AARON N. COLBY

17

18                          Attorneys for Plaintiff
                          KARISSA PEDEN

19

20

21

22

23

24

25

26

27

28

Plaintiff's Complaint For Damages

COLBY LAW FIRM, PC
13263 VENTURA BLVD., SUITE 203
STUDIO CITY, CA 91604
Phone: (818) 253-1599 | Fax: (818) 475-1981